HUGH McCULLOUGH, plaintiff in error, vs. THOMAS P. MITCHELL, defendant in error.

An award of arbitrators under the arbitration law will not be set aside on the ground that it is illegal, because contrary to the evidence, unless it be so contrary to the evidence as to require the inference that it is the result of fraud, accident, or gross mistake of law or fact on the part of the arbitrators; and if an award has been attacked upon this ground before the Superior Court, under the provisions of section 4184 of the Revised Code, and the question has been submitted to a jury, who have found in favor of the award, and the Judge has refused a new trial, it must be a very strong case, indeed, to justify this Court in overruling the Judge and directing a new trial.

Arbitration. New Trial. Before Judge KIRBY. Floyd Superior Court. July, 1870.

In May, 1867, there was a controversy between Mitchell and McCulloch respecting the sale and purchase of Mitchell's interest in the Rome Foundry and Machine Works by McCullough. And whereas, they desired a "a fair and equitable adjustment of the same," they submitted to their attorneys: 1st. Whether McCullough was deceived by Mitchell's representing to him that the property had cost him $23,000 cash, including his salary, it being admitted that Mitchell so stated. 2d. If it had not cost him so much, whether McCullough was entitled to any abatement of the agreed price, and

if any, how much.   3d. Whereas, Mitchell represented to McCullough that the agreed price, $16,000 00, and Mitchell's liabilities, which McCullough was to assume, would not exceed $25,000 00, if the liabilities exceed $9,000 00, how much, if any, abatement should be made on that account? Their attorneys had a right to select an umpire, and to have anylegal differences· decided by the Judge of the Superior Court, Hon. J. W. H. Underwood.

The umpire was chosen and the cause was tried.   It appeared in evidence that Noble & Brothers were Mitchell's partners in said property, and Bayard was their book-keeper; that McCullough, residing in New York, went to Rome seeking an investment, heard that Mitchell wished to sell; that he sought information from Noble & Brothers, who wished him to buy, and from Bayard, as to the cost of the works, Mitchell's liabilities, and what he had paid in, etc., and then went to see Mitchell.   He was at Lynchburg, and had not been in Rome for several months.   Mitchell made said representations, and McCullough agreed to pay him said price for his interest.

The arbitrators found that Mitchell had not paid in $23,000 00 cash, and that his liabilities were over $9,000 00, but they concluded, from the evidence, that his representations were *bona fide*, and that what else he said as to the value of the property was only his opinion.   Considering that McCullough had investigated for himself, etc., they awarded that no abatement in price should be made.   While the arbitration was being had, Judge Underwood was present, and it was shown that he assisted in making certain calculations.

When the award was entered upon the minutes it was objected to, because of Judge Underwood's action aforesaid; because the award was contrary to the evidence; because the arbitrators decided according to certain supposed law, and ct according to equity, and were mistaken as to the law, because of the admission of certain letters.   It was

shown that no objection was urged against said letters.  It was shown that Judge Underwood had his headquarters in the office where the arbitration was had, and nothing appeared to show any interference with the arbitrators.  The objections were tried, and the jury found in favor of the award.

A new trial was moved for, upon the following grounds:

1st.  Because said verdict is contrary to law.

2d.  Because said award should have been set aside for a mistake in law on the part of the arbitrators.

3d.  Because said award ought to have been set aside on the ground that it is contrary to law and is otherwise illegal; and on the ground that the arbitrators did not make an equitable adjustment of the matters of difference between the parties as required by the submission in writing.

4th.  Because said finding of the jury is illegal, and not in accordance with the testimony produced on the submission.

5th.  Because said award ought to have been set aside upon the testimony produced, and the facts stated in the submission and exceptions to the award, and the *award itself.*

6th.  Because the Court erred in not ruling out the letters which said Mitchell had written to Charles H. Smith, his agent, when offered in as testimony, they being objected to on the arbitration as shown by the exceptions.

7th.  Because the Court erred in not giving to the jury the following charges without qualification, each charge as asked, having been requested to do so in writing, to-wit:  "If you believe from the evidence that McCulloch was entitled to any abatement of the amount he had agreed to pay, either at law or upon an equitable settlement, then the award was wrong, and you should find against it,"—the Court adding after reading the charge—" so far as the same is consistent and agrees with my main charge."

8th.  Because the Court erred in giving to the jury the following charge, to-wit:  " The law providing for the arbitration of matters of difference between parties, means that

some progress should be made in the settlement, and not that, after all the testimony has been heard and the case *fairly tried,* without accident, fraud, or mistake, the parties may continue to litigate. Whatever was fairly settled for the parties should remain so; and if, in the investigation you are about now to make of this case, you should find all the questions, made by the exceptions filed, to have been fairly settled without accident, fraud, or mistake, it will be your duty to find for the award. You are not to weigh the testimony as upon an original trial between the parties. You are more nearly in the position of a reviewing Court. Your duty is to look into the facts and decision of the arbitrators upon this case, and if they have been influenced by the intermeddling of any person, or have made the decision complained of, by fraud, accident, or mistake, it will be your duty to set it aside; but if in the consideration of all these questions there was the least bit of testimony to sustain the decision which was made by the arbitrators, then the award ought to stand. If there was any testimony for the finding of the arbitrators, upon any or all of the objections, the finding would be good under the law and ought to stand."

Said motion for a new trial was overruled by the Court upon each and all of the grounds thereof, and counsel excepted.

PRINTUP & FOUCHE, for plaintiff in error. Innocent misrepresentation is legal fraud: R. Code, secs. 2592, 5117; 2 Kelly R., 66; 36 Ga. R., 648. Cases of Wootten and Goolsby, 26 and 23 Ga. R., relied on by arbitrators, not law. The charge was wrong on usury, *"fairly tried,"* and such like expressions.

WRIGHT & FEATHERSON; T. W. ALEXANDER, for defendant.

McCay, J.

This Court, at this term, in the case of *Tomlinson vs. Tomlinson,* and in various other cases, within the last few years, viz: *Shaiffer & Company vs. Baker & Carswell,* 38 *Georgia Reports,* 135; *Sharp & Brown vs. Loyless,* 39 *Georgia Reports,* 9, and in several cases at the last term, has required a strong case to set aside an award, because contrary to the evidence.   It is of very doubtful policy, and only just, within the authorities, to listen *at all* to such a ground.   The parties freely select their own tribunal.   The very object is to settle the dispute without litigation, and it is a perversion of the whole intent of the law to permit a mere difference in judgment, as to the effect of evidence to be a ground for setting aside the award.   If the ideas advanced by the counsel for the plaintiff in error be true, an award is only one mode of commencing a suit, instead of being, what the law contemplates, the end of litigation.   The evidence must be so strongly against the award as to *require* the inference of fraud or mistake in some material matter, either of law or fact.   Here is, first, the judgment of three intelligent men, then of a jury, and then of the Judge, upon a complication of *facts,* and *figures,* and *motives.*   The plaintiff in error is of opinion this concurrent judgment of three tribunals is a great error.

We will not say that such a thing is impossible, but we will say it is very improbable.   The right of the case turns very much upon whether, in fact, McCullough *acted* on the statements of Mitchell.   Is it clear that he did?   It is true he says so.   But is there not a great deal against this?   He was a stranger to Mitchell.   He had seen the property, examined it, conversed with the Nobles, the book-keeper, and had seen the books.   He had, in truth, about as good an opportunity to get at the truth as Mitchell.   It would be very strange, very contrary to the ordinary course, for a man to abandon all these sources of information and trust to the

statements of a stranger, whom he knew was interested in making a strong case for himself.

We are not, ourselves, satisfied with the statement of either Bayard or the Noble's; they are doubtless very correct men; but it is apparent that they are disposed in favor of McCullough. We do not, upon the whole, think this award, verdict and judgment of the Court, is such a gross perversion of the facts of the case as to justify us in setting it aside.

We do not care to go into detail of our reasons, but simply say, that if Mr. McCullough, after all the opportunities he had to get at the truth, shut his eyes and allowed himself to be deceived by the statements of Mitchell, a stranger, and, as he knew, interested, we do not think he has any great claims to sympathy. We suspect he thought he was doing well, and that the statements of Mitchell as to the cost did not, in fact, have much to do with his conduct. What the property had made, was making and would make, was the principal thing. Of this he got his knowledge from Noble, the books, and his own observation and inquiries at Rome, and if he was mistaken, it is only the ordinary result of the fact, that mankind are not omniscient.

Judgment affirmed.